**Bono ANGGONO, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–70195.

United States Court of Appeals, Ninth Circuit.

Submitted July 29, 2009.*

Filed July 31, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kathleen S. Koh, Law Offices of Kathleen S. Koh, Alhambra, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Bono Anggono, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order affirming an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir.2000), and deny the petition for review.

■ Even if Anggono's testimony is credible, the record does not compel the conclusion that the injury Anggono suffered during the riots was persecution, *see id.* (an act of random violence during a period of significant strife is insufficient to establish persecution), or that the additional harms he suffered, even considered cumulatively, constitute past persecution, *see Kumar v. Gonzales*, 439 F.3d 520, 524 (9th Cir.2006). Furthermore, because Anggono did not establish he will be targeted if returned to Indonesia, and because his wife and daughter have continued to live there without harm, substantial evidence supports the agency's finding that Anggono's fear of future persecution is not objectively reasonable. *See Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir.2004); *cf. Sael v. Ashcroft*, 386 F.3d 922 (9th Cir. 2004).

■ Because Anggono failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Mansour*, 390 F.3d at 673.

Anggono does not raise any arguments in his opening brief regarding the agency's denial of CAT relief. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.